UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHIL THYGESON,  CV 03-467-BR

    Plaintiff,   FINDINGS OF FACT AND
CONCLUSIONS OF LAW
v.

**U.S. BANCORP**, a Delaware
Corporation, d.b.a. "U.S. BANK"
in Oregon, and **U.S. BANCORP
EQUIPMENT FINANCING, INC.**, an
Oregon Corporation,

    Defendants.

Pursuant to Federal Rules of Civil Procedure 52(a), the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff Phil Thygeson ("Thygeson") worked for U.S. Bancorp Equipment and Finance, Inc. ("USBEF") as a Regional Manager.

2. USBEF is an affiliate of U.S. Bancorp, a bank holding company.

Page 1 - Findings of Fact and Conclusions of Law

3. U.S. Bancorp has adopted employment policies and benefit programs that apply to the employees of USBEF.

4. U.S. Bancorp's technology policies prohibit the use of its computer technology:

> A. to access "inappropriate internet sites" and/or
>
> B. to send e-mails which may be perceived as offensive.

5. Employees of USBEF are told that violations of U.S. Bancorp's policies will subject them to discipline, up to and including termination.

6. Thygeson received a written copy of U.S. Bancorp's technology policies and therefore knew he was prohibited from accessing "inappropriate internet sites" and from sending e-mails "which may be perceived as offensive."

7. Thygeson used U.S. Bancorp technology in 2001 and 2002 to a) access the internet in order to view various specific images as depicted in Exhibit 209, including cartoons of sexual subject matter and images of adults in various stages of nudity, and b) transmit by e-mail such images to others, including subordinate employees.

8. In doing so, Thygeson violated U.S. Bancorp's technology policies as described in paragraph 4 of these Findings.

9. On July 9, 2002, USBEF terminated Thygeson's employment for violation of U.S. Bancorp's Code of Ethics and Conduct on the Job on the basis that he engaged in gross and

willful misconduct by accessing internet sites on his work computer which may be perceived as offensive or of an inappropriate nature in the work environment.

10. At the time of his termination, Thygeson was a Covered Employee under the U.S. Bancorp Middle Management Change in Control Severance Pay Program ("Severance Pay Program"), under which Thygeson was not entitled to severance pay if his employment was terminated for cause.

11. U.S. Bancorp deemed the termination of Thygeson's employment a termination for "cause" and, as a result, U.S. Bancorp concluded Thygeson was not entitled to receive severance pay.

12. Thygeson did not prove that defendants or any of its relevant decision-makers had any intent to prevent Thygeson from qualifying for severance benefits when Thygeson's employment was terminated.

13. USBEF's decision to terminate Thygeson's employment was based on Thygeson's conduct in violation of the technology policies as set forth in paragraph 4 of these Findings.

14. Such conduct justifies a termination for cause.

//
//
//
//
//

## CONCLUSIONS OF LAW

Thygeson failed to prove the essential elements of liability under 29 U.S.C. § 1140.

IT IS SO ORDERED.

Dated this __1st__ day of November, 2005.

_Anna J. Brown_
Anna J. Brown
United States District Court Judge